## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KENNETH HIMMLER and
INTEGRATED ASSET MANAGEMENT,
LLC,

    Plaintiffs,

v.                                                                                Case No: 8:15-cv-1843-T-30TBM

SOUTHPORT CAPITAL, INC.,
HORIZON PRIVATE EQUITY II, LLC,
JOHN WOODS, MICHAEL J. MOONEY,
GEORGETTE DIPALMA and PAUL
DIPALMA,

    Defendants.

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Motion to Remand (Dkt. 10) and Defendants' Response in Opposition (Dkt. 17). The Court has reviewed these filings, Defendants' Statement of Diversity (Dkt. 8), and the applicable law and concludes that the motion should be granted.

In this tort action with allegations of defamation, Defendants filed their Notice of Removal on August 7, 2015, and, with it, their Statement of Diversity. That latter states that two Defendants, Georgette DiPalma and Paul DiPalma, are citizens of Florida and that Plaintiff Integrated Asset Management "may be either a Florida citizen or a Nevada citizen." (Dkt. 8, p. 1).

As to the amount in controversy, in their response to the motion to remand, Defendants cite a $75,000 settlement proposal Plaintiffs offered to one Defendant while the action was still pending in state court. (Dkt. 17, p. 2).

Defendants argue that these facts establish diversity and the amount in controversy and thus this Court's jurisdiction under 28 U.S.C. § 1332. The Court disagrees.

The Court first recognizes that "[f]ederal courts are courts of limited jurisdiction" and that "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Accordingly, the burden of establishing jurisdiction lies with the party seeking federal jurisdiction. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *see James River Ins. Co. v. Arlington Pebble Creek, LLC*, No. 1:13cv224-MW/GRJ, 2015 WL 4668700, *3 (N.D. Fla. July 30, 2015).

Diversity of citizenship means that no plaintiff may be a citizen of the same state as any defendant. *James River Ins. Co.*, 2015 WL 4668700, at *1 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Limited liability companies are citizens of "each state in which any of its members, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1020-22 (11th Cir. 2004) (citations omitted); *see also James River Ins. Co.*, 2015 WL 4668700, at *3 (emphasizing that citizenship of members, not residency, determines citizenship of limited liability company). To sufficiently allege the citizenship of a limited liability company, "a party must list the citizenships of all the members of the [] company." *Rolling Greens MHP, L.P.*, 347 F.3d 1022.

2

Defendants here have not met their burden by stating that Plaintiff Himmler resides in Nevada and that Plaintiff ["Integrated Asset Management] may be either a Florida citizen or a Nevada citizen." (Dkt. 8, p. 1). By their own admission, then, Integrated Asset Management may be a Florida citizen, which would defeat diversity. The best their Statement of Diversity has done is create uncertainty, and that uncertainty requires remand. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d at 1050.

As to the amount in controversy, the Supreme Court has recently held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014). The Court went on to hold, however, that "evidence establishing the amount is required . . . when the plaintiff contests, or the court questions, the defendant's allegations." *Id.*

Such a contest over the amount in controversy exists here. Defendants contend that Plaintiffs' offer of $75,000 to just one Defendant invites the inference that the amount in controversy as to all Defendants must exceed $75,000 and thus satisfies the amount requirement. Plaintiffs, meanwhile, focus on the evidence in support of removal. They claim that the evidence does not show that the amount in controversy *"exceeds* $75,000." (Dkt. 10, p. 2) (emphasis in original).

The Court finds that Defendants' inference is a plausible one, though it also notes that there is an equally plausible inference to be made from these same facts: that, anticipating a counter-offer, Plaintiffs' $75,000 settlement offer far exceeds even what they perceive to be the amount in controversy, let alone what that amount in controversy in fact

3

is. To get to the right inference, the Court would need to receive evidence and determine whether Defendants have proven the amount in controversy by a preponderance of the evidence. *Dart Cherokee Basin Operating Co.*, 135 S.Ct. at 554.

But the Court need not do so. As stated above, Defendants have failed to establish complete diversity of citizenship. And it was their burden to do so. It is therefore

ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion to Remand (Dkt. 10) is GRANTED.

2. The Clerk is directed to REMAND this case to the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida. The Clerk is also directed to forward a certified copy of this Order to that Court.

3. The Clerk is also directed to CLOSE this case.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of November, 2015.

                                                             JAMES S. MOODY, JR.
                                                            UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record